IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RINALDO BANKSTON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:17-CV-722-NJR-DGW ) |
| SGT. SIMMONS, MAJOR COOPER, C/O CAGE, and WARDEN OF VANDALIA CORRECTIONAL CENTER, | ) ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This case is before the Court on the Report and Recommendation of Magistrate Judge Donald G. Wilkerson (Doc. 38), which recommends denying the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants Simmons, Cooper, Cage, and Warden of Vandalia Correctional Center on February 9, 2018 (Doc. 24). For the following reasons, the Court adopts the Report and Recommendation and denies Defendants' motion.

## BACKGROUND

On July 10, 2017, Plaintiff Rinaldo Bankston filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging Defendants subjected him to a racially motivated verbal and physical assault on May 18, 2017, while he was housed at Vandalia Correctional Center (Doc. 1). After a preliminary review of his complaint pursuant to 28 U.S.C. § 1915A, Bankston was allowed to proceed on three counts: an Eighth Amendment claim against Defendants Cage and Simmons for using excessive force (Count 1); an Eighth

Amendment claim against Defendant Cooper for not only failing to intervene and protect Bankston but also encouraging the excessive force (Count 2); and a Fourteenth Amendment equal protection claim against Defendants Cage, Simmons, and Cooper for singling Bankston out for punishment because of his race (Count 3) (Doc. 9). The Warden of Vandalia Correctional Center was added to the lawsuit to carry out any injunctive relief ultimately ordered in this case (*Id.*).

On February 9, 2018, Defendants filed the instant motion for summary judgment arguing Bankston failed to exhaust his administrative remedies prior to filing this lawsuit (Doc. 24). Defendants assert Bankston submitted a grievance dated October 11, 2017, directly to the Administrative Review Board ("ARB") (*Id.*). This grievance had not been reviewed previously at the institutional level, and the ARB did not have the opportunity to review the grievance prior to Bankston filing this lawsuit. Because Bankston did not follow the proper procedures to exhaust his administrative remedies, Defendants argue, his claims must be dismissed.

In response, Bankston argued that he filed two grievances at Vandalia regarding the issues in his complaint (Doc. 27). The first grievance he dropped in the offenders' mailbox, and the second he handed directly to Warden Stephanie Waggoner (*Id.*). Bankston provided as an exhibit a copy of an emergency grievance dated May 21, 2017, which complains of the incident at issue in his lawsuit (Doc. 27, p. 15-16). The grievance has no institutional responses on it (*Id.*). Bankston also provided the Court with a notarized letter dated July 15, 2017, which he wrote to Warden Waggoner asking why she never responded to his emergency grievance (*Id.*, p. 17-18). Bankston's response to Defendants' summary judgment motion was verified and notarized, so the Court

considers the response competent evidence to rebut Defendants' motion for summary judgment. *See Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Ford v. Wilson*, 90 F.3d 245, 247 (7th Cir. 1996) ("By declaring under penalty of perjury that the [response] was true . . . he converted the [response], or rather those factual assertions in the [response] that complied with the requirements for affidavits specified in the rule . . . into an affidavit," thereby complying with Federal Rule of Civil Procedure 56(e).").

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), an evidentiary hearing was set to take place on July 9, 2018 (Doc. 33). Bankston failed to appear, and a Show Cause Order was issued (Doc. 34). In response to that Order, Bankston, who is no longer incarcerated and lives in Chicago, stated that he lacks funds to travel to the federal courthouse in East St. Louis, Illinois, and that he has medical conditions that prevent travel (Doc. 36). Upon further review of the evidence, Magistrate Judge Wilkerson concluded that no *Pavey* hearing was necessary.

### THE REPORT AND RECOMMENDATIONS

Because Defendants did not file a reply brief to rebut Bankston's verified response, Magistrate Judge Wilkerson found Bankston's assertion that he gave an emergency grievance to Warden Waggoner on May 21, 2017, regarding the events at issue in this lawsuit, to be undisputed. Magistrate Judge Wilkerson further found undisputed the fact that Bankston received no response to this grievance. And, while Defendants argued Bankston did not send any grievances to the ARB prior to filing this lawsuit, they presented no evidence and made no argument that Bankston did not, in fact, submit an emergency grievance to which he received no response. Magistrate Judge Wilkerson then concluded, based on these uncontroverted facts in the record, that the

failure of the Warden to respond to Bankston's emergency grievance rendered the administrative remedy process unavailable. Therefore, Bankston is deemed to have exhausted his administrative remedies as to the claims in this case.

Defendants objected to the Report and Recommendation on August 7, 2018 (Doc. 39). Defendants' objection again argues that the ARB did not receive any grievances from Bankston until October 27, 2017. Regarding Bankston's assertion that he filed an emergency grievance on May 21, 2017, to which he received no response, Defendants claim they planned to cross-examine him on this issue at the *Pavey* hearing, but he did not appear. Defendants request a hearing, or, alternatively, leave to file a reply brief to explain why Bankston's claims regarding his emergency grievance are not credible.

## DISCUSSION

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). In reviewing the Report and Recommendation, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id.* (quoting 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). In responding to a motion for summary judgment, the nonmoving party may not simply rest upon the allegations contained in the pleadings, but must present specific facts to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322–26; *Anderson*, 477 U.S. at 256–57.

After reviewing the record *de novo*, the Court agrees with Magistrate Judge Wilkerson that Bankston exhausted his administrative remedies. Bankston's response to Defendants' summary judgment motion was in the form of an affidavit, so his statement that he never received a response to an emergency grievance he submitted on May 21, 2017, constitutes competent evidence. The copies of the May 21 emergency grievance and the notarized follow-up letter Bankston sent to Warden Waggoner asking why she never responded are further evidence that Bankston did indeed submit an emergency grievance on that date. Defendants never rebutted this evidence. As such, the only evidence before the Court is that Bankston filed an emergency grievance on May 21, 2017, and it went unanswered.

While Defendants claim they intended to cross-examine Bankston on these issues at the *Pavey* hearing, without any factual dispute in the record, there was no need for a *Pavey* hearing in the first place. *See Saiger v. Funk*, No. 13-CV-3298, 2014 WL 3868223, at *3 (C.D. Ill. Aug. 6, 2014) (citing *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008) (disputed material facts regarding exhaustion are determined by district court in evidentiary hearing); *Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014) ("A swearing contest requires an evidentiary hearing to resolve . . . ."). Defendants had an opportunity to refute Bankston's claims and evidence, but did not do so.

Accordingly, the Court finds that Bankston submitted an emergency grievance to Warden Waggoner on May 21, 2017, addressing the incident at issue in this lawsuit and sufficiently identifying the Defendants. The Court further finds that Bankston did not receive a response to that grievance from the Warden and, thus, he had to do nothing further to exhaust his administrative remedies. *See Roberts*, 745 F.3d at 236; *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (administrative remedies are deemed exhausted when prison officials fail to respond to inmate grievances because those remedies are "unavailable").

## CONCLUSION

For these reasons, the Court **ADOPTS** the Report and Recommendation (Doc. 38) and **DENIES** the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants on February 9, 2018 (Doc. 24).

**IT IS SO ORDERED.**

**DATED: August 22, 2018**

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**